### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA

**CASE NO.:**

DIANE TEMPLETON,

Plaintiff,

vs.

OMEGA BUSINESS SOLUTIONS LLC, a
Washington limited liability company;
OMEGA EMBEDDED SOLUTIONS, INC., a
Washington corporation;
OMEGA SOFTWARE SOLUTIONS INC., a
Washington corporation; and,
OMEGA TECHNOLOGY SOLUTIONS, LLC, a
Washington limited liability company,

Defendants.

_____/

### COMPLAINT

Plaintiff, DIANE TEMPLETON ("Plaintiff"), sues Defendants, OMEGA BUSINESS

SOLUTIONS LLC, OMEGA EMBEDDED SOLUTIONS, INC., OMEGA SOFTWARE

SOLUTIONS, INC., and OMEGA TECHNOLOGY SOLUTIONS, LLC (collectively,

"Defendants"), and alleges as follows:

### PARTIES, JURISDICTION & VENUE

1.      Plaintiff is a *sui juris* and a resident of Broward County, Florida.

2.      Defendant, Omega Business Solutions, LLC ("OBS"), is an entity chartered under

the laws of the State of Washington.

P a g e | **1**
Alderman & Kodsi
9999 Ne 2nd Ave, Suite 211 ● Miami Shores, Fl 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

3.      Defendant, Omega Embedded Solutions, Inc. ("OES"), is an entity chartered under the laws of the State of Washington.

4.      Defendant, Omega Software Solutions, Inc ("OSS"), is an entity chartered under the laws of the State of Washington.

5.      Defendant, Omega Technology Solutions, LLC ("OTS"), is an entity chartered under the laws of the State of Washington.

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) in that the amount in controversy is in excess of $75,000, exclusive of interest and costs.

7.      Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because Plaintiff's causes of action accrued exclusively within the United States District Court for the Southern District of Florida.

8.      Defendants are all subject to the personal general jurisdiction of this Court pursuant to Florida Statute 48.193(2) in that they all are engaged in substantial and not isolated activity within Florida. Defendants are all further subject to the personal specific jurisdiction of this Court pursuant to Florida Statute 48.193(1)(a) and (b) in that they are engaged in business or business venture in this state, have an office or offices and agents or agencies within this state, and that they committed a statutory tort within this state.

## GENERAL ALLEGATIONS

**A.      The Omega Florida Companies and Plaintiff's Money Judgment Against Non-Party-Fierro.**

9.      During the 1990's,  Plaintiff, together with Non-Party Ann Fierro f/k/a Ann Theis ("Fierro"), formed the following entities:

    a.  The Omega Consulting Group, Inc., a Florida corporation formed in 1991;

P a g e  | **2**
Alderman & Kodsi
9999 Ne 2ⁿᵈ Ave, Suite 211 ● Miami Shores, Fl 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

b.   Omega Data Solutions, Inc., a Florida corporation formed about 1998;

c.   Omegacal Consluting, Inc., a Florida corporation, formed about 1997.

(collectively,"the Omega Florida Companies").

Defendants OBS, OES, OSS and OTS shall collectively hereinafter be referred to as "the Omega Washington Companies."

10.     Subsequent to their formation, the Omega Consulting Group, Inc., became substantially profitable and had a fair market value of at least $5,000,000.00.

11.     In or about 2000, Fierro devised a scheme to defraud Plaintiff by depleting the Omega Florida Companies of their assets, both tangible and intangible, in order to avoid paying Plaintiff her share of the value of the company and also to avoid paying past and future profits in these companies.

12.     In April, of 2000, Templeton initiated litigation in Broward County Circuit Court under the case style *Diane Templeton v. Ann Fierro, f/k/a Ann Theis, et. al.*, Case No. 00-07611 (04) ("the State Litigation"), as a result of an improper ouster by Fierro against Templeton from the participation, management, and ownership of The Omega Consulting Group, Inc.   Fierro used the ouster as a cover to disguise her subsequent scheme to deplete The Omega Consulting Group, Inc., of all of its business opportunities and assets by transfers to her solely controlled Nevis LC called Omegal Consulting LC.   At this time, The Omega Florida Companies were the alter-ego of Fierro and constituted nothing more than a mere instrumentality to defraud Plaintiff.

13.     On February 4, 2009, the Court in the State Litigation entered a money judgment in favor of Plaintiff and against Fierro for the principle amount of $2,500,000.00 exclusive of

P a g e | **3**
Alderman & Kodsi
9999 Ne 2nd Ave, Suite 211 ● Miami Shores, Fl 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

interest and costs ("the Judgment") for Fierro's improper ouster of Templeton from the company. (Exhibit Doc. 1-1).  Upon entry of the Judgment, Plaintiff became a judgment creditor of Non-Party Fierro.

**B.      Fierro's Scheme to Hinder, Delay, and Defraud Plaintiff, a Judgment Creditor.**

14.      At a time unknown to Plaintiff, Non-Party Fierro, in anticipation of the entry of an eminent money judgment against her in the State Litigation during the mid 2000's, furthered her scheme to oust and deprive Templeton of any of the stolen Omega assets and opportunities by sheltering  her all of the then and future acquired assets from levy and/or attachment resulting from a money judgment entered in favor of Plaintiff. Fierro's scheme shall hereinafter be referred to as "the Ouster and Asset Hiding Scheme."

15.      At a time unknown to Plaintiff, and as part of and in furtherance of her Ouster and Asset Hiding Scheme, Fierro further engaged the law firm of Becker & Poliakoff and Scott Behren, to advise her and further create a specific plan to secret the stolen assets and business opportunities from Plaintiff's eminent money judgment.

16.      By this time, the Omega Florida Companies had been already dissolved and upon their dissolution, Fierro failed to follow any of the dissolution formalities and simply exercised complete dominion and control over the Companies'  assets, tangible and intangible; transferred title to these assets to the other companies in the names of her controlled nominee offshore companies(s) and then subsequently to the Washington Omega Companies by mense conduit transfers to herself, her husband and now to her children/stepchildren.  These transfers occurred as follows: First, before dissolution of The Omega Consulting Group, Inc., and in violation of an injunction preventing any transfer, Fierro transferred all the business of The Omega Consulting

P a g e | **4**
Alderman & Kodsi
9999 Ne 2nd Ave, Suite 211 ● Miami Shores, Fl 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

Group, Inc. to an offshore Nevis Company known as Omega Consulting LC.  In or about 2005 or 2007, Fierro then transferred all the business from Omega Consulting LC to the Omega Washington Companies, while also sheltering her other assets in various ventures, such as Mexican limited liability companies and investments held by nominees. She also transferred assets to other corporations that were offshore.  It is difficult to determine the scope and breathe of her transfers as she has refused to be candid about any of them.   However, all of her wealth results from the initial business conducted and owned by The Omega Consulting Group, Inc.

17.     At all times material hereto, the Omega Washington Companies are sham companies and nothing more than Fierro's alter-ego created to carry on the business of The Omega Consulting Group, Inc., in continuation of Fierro's scheme to oust Templeton, and then to hinder and delay the collection of a just debt. They were formed solely for the purpose of holding transferred assets in order to evade her obligation to Plaintiff under the Judgment and formed as part of her Ouster and Asset Hiding  Scheme as planned and designed with her attorneys.

18.     All conditions precedent to the bringing and maintenance of this action have either been excused or otherwise waived by Defendants.

### COUNT I- REVERSE PIERCING OF THE CORPORATE VEIL

Plaintiff sues Defendants and states:

19.     Plaintiff re-alleges and reincorporates paragraphs 1 through 18 as though fully set forth herein.

20.     This is an action to impose liability for the Judgment on the Omega Washington Companies under the reverse piercing of the corporate veil theory.

P a g e  | 5
Alderman & Kodsi
9999 Ne 2nd Ave, Suite 211 ● Miami Shores, Fl 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

21.     As stated above, the Omega Washington Companies were formed as part of the Ouster and Asset Hiding Scheme employed by Fierro in order to evade her liability under the Judgment.

22.     At all times material hereto, the Omega Washington Companies are sham companies formed solely for the purpose of holding property and business opportunities previously owned and titled in The Omega Consulting Group, Inc.'s name and which were misappropriated and transferred to the Omega Washington Companies in conformity with Fierro's scheme to oust Templeton from the company benefits, including profits, incomes and value, and subsequently in order to hinder, delay, and/or defraud Plaintiff once Templeton obtained a money judgment against Fierro for the value of The Omega Consulting Group, Inc., from which Templeton had been improperly ousted, and from which Fierro stole all the assets and made the fraudulent transfers in conformity with her scheme.

23.     The Omega Washington Companies are obligated for the full amount of the Judgment (Exhibit A). Plaintiff is entitled to entry of a judgment piercing the Omega Washington Companies' veils and establishing them liable for the Judgment

WHEREEFORE, Plaintiff demands judgment against the Defendants for the amount of the Judgment, together with all accrued interest thereon and her costs.

### COUNT II- FLORIDA'S UNIFORM FRAUDULENT TRANSFER ACT

Plaintiff sues Defendants and states:

24.      Plaintiff re-alleges and incorporates paragraphs one through 18 and 21 and 22, as though fully set forth herein.

25.     This is an action brought pursuant to Fla. Stat. § 726.102, *et. seq*.

P a g e | **6**
Alderman & Kodsi
9999 Ne 2nd Ave, Suite 211 ● Miami Shores, Fl 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

26. At all times material hereto, Plaintiff is and was a creditor of Non-Party Fierro within the meaning of Fla. Stat. § 726.102(4).

27. At all times material hereto, Non-Party Fierro is and was a "debtor" within the meaning of Fla. Stat. § 726.102(6).

28. At all times material hereto, the assets, both tangible and intangible, transferred by Non-Party Fierro to the Omega Washington Companies is and was "property" within the meaning of Fla. Stat. § 726.102(10).

29. At all times material hereto, Non-Party Fierro's act of transferring assets, both tangible and intangible, to herself and, by mense transfers, to the Omega Washington Companies and other unknown entities constituted a "transfer" within the meaning of Fla. Stat. § 726.102(12). At all times of all "transfers", Non-Party Fierro was and is "insolvent" within the meaning of Fla. Stat. §726.103(1) and (2).

30. At all times material hereto, Non-Party Fierro's transfer of assets, both tangible and intangible, to the Omega Washington Companies is and was fraudulent in that they were made with the specific and actual intent to hinder, delay, and/or defraud Plaintiff, a judgment creditor.

31. At all times material hereto, Non-Party Fierro's transfer of assets, both tangible and intangible, to the Omega Washington Companies was made without receiving a reasonably equivalent value in exchange for the transfer and obligation.

32. At all times material hereto, the Omega Washington Companies, by virtue of their alter-ego status constituted an "insider" within the meaning of Fla. Stat. § 726.106 and therefore all transfers are presumptively fraudulent.

P a g e | **7**
Alderman & Kodsi
9999 Ne 2nd Ave, Suite 211 ● Miami Shores, Fl 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

33.     Pursuant to Fla. Stat. § 726.108, Plaintiff is entitled a judgment:

a.     Avoiding all transfers, including mense transfers, from Non-Party Fierro to the Omega Washington Companies;

b.     Attachment or other provisional remedy against any and all assets transferred or other property of the transferee in accordance with applicable law; and,

c.     An injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property of the transferee.

WHEREFORE, Plaintiff demands judgment against the Omega Washington Companies that avoids all transfers from Non-Party Fierro to the Omega Washington Companies, together with any and all attachment or other provision remedies against said assets transferred and any and all other relief this Court deems just and proper.

Dated this 1st day of February, 2012.

Respectfully submitted,

Alderman  & Kodsi
*Attorneys for Plaintiff, Diane Templeton*
9999 NE 2nd Ave, Suite 211
Miami Shores, FL 33138
Ph.: (305) 200-5473
Fax: (305) 200-5474

By:     /s/ Jason R. Alderman_____
Jason R. Alderman, Esq.
FBN: 0172375
jalderman@aldermankodsi.com
Neil D. Kodsi, Esq.
FBN:  11255
nkodsi@aldermankodsi.com

P a g e | **8**
Alderman & Kodsi
9999 Ne 2nd Ave, Suite 211 ● Miami Shores, Fl 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

Bernard Law Offices, L.P.
*Co-counsel for Plaintiff, Diane Templeton*
9655 S. Dixie Highway, Suite 108
Miami, FL  33156
Ph.: (305) 665-0000
Fax: (305) 669-9666

By: /s/ Andrew C. Barnard_____
   Andrew C. Barnard, Esq.
   FBN: 281697
   abarnard@barnardlaw.net

P a g e | **9**
Alderman & Kodsi
9999 Ne 2nd Ave, Suite 211 ● Miami Shores, Fl 33138 ● ph. 305.200.5473 ● fax. 305.200.5474